E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
TARA B. VAVERE (Cal. Bar No. 279470)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
    United States Courthouse, 11th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-5901
    Facsimile:  (213) 894-6269
    E-mail:  Tara.Vavere@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>354 UNITS, MORE OR LESS, OF AN ARTICLE LABELED AS ELF BAR EB DESIGN AIRO MAX DISPOSABLE (5000 PUFFS) IN VARIOUS FLAVORS; ELF BAR EB DESIGN BC5000 VAPE DISPOSABLES (5000 PUFFS) IN VARIOUS FLAVORS; ELF BAR EB DESIGN TE6000 (6000 PUFFS) IN VARIOUS FLAVORS; AND ELF BAR EB DESIGN BC5000 ULTRA (5000 PUFFS) IN VARIOUS FLAVORS;<br><br>37 UNITS, MORE OR LESS, OF AN ARTICLE LABELED AS ESCO BARS DISPOSABLE (2500 PUFFS) IN VARIOUS FLAVORS;<br><br>2088 UNITS, MORE OR LESS, OF | Case No. 2:24-cv-02772<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***<br><br>21 U.S.C. § 334(a)(2)<br><br>[F.D.A.] |

AN ARTICLE LABELED AS FOG X PRE-FILLED DISPOSABLE DEVICE IN VARIOUS FLAVORS;

580 UNITS, MORE OR LESS, OF AN ARTICLE LABELED AS HELIX BAR MAX EDITION DISPOSABLE DEVICE (1500 PUFFS) IN VARIOUS FLAVORS;

119 UNITS, MORE OR LESS, OF AN ARTICLE LABELED AS KUZ VAPING DISPOSABLE (9000 PUFFS) EXCLUSIVE DABABY RAPPER COLLABORATION IN VARIOUS FLAVORS;

119 UNITS, MORE OR LESS, OF AN ARTICLE LABELED AS PIXI PRO VAPE DISPOSABLE/PIXI PRO 6% IN VARIOUS FLAVORS;

1285 UNITS, MORE OR LESS, OF AN ARTICLE LABELED AS PUFF BAR DISPOSABLE DEVICE IN VARIOUS FLAVORS, EXCLUDING 0% NICOTINE STRENGTH PRODUCTS;

911 UNITS, MORE OR LESS, OF AN ARTICLE LABELED AS PUFF FLOW IN VARIOUS FLAVORS, EXCLUDING 0% NICOTINE STRENGTH PRODUCTS;

3006 UNITS, MORE OR LESS, OF AN ARTICLE LABELED AS PUFF MAX IN VARIOUS FLAVORS, EXCLUDING 0% NICOTINE STRENGTH PRODUCTS;

1384 UNITS, MORE OR LESS, OF AN ARTICLE LABELED AS PUFF PLUS IN VARIOUS FLAVORS, EXCLUDING 0% NICOTINE STRENGTH PRODUCTS; AND

80 UNITS, MORE OR LESS, OF AN ARTICLE LABELED AS SMOK

PRIV BAR TURBO (15,000 PUFFS) VAPE DISPOSABLE ANTI LEAK TECH IN VARIOUS FLAVORS,

LOCATED AT MDM GROUP D/B/A/ ELIQIDSTOP.COM, 2005 ORANGE STREET, ALHAMBRA, CALIFORNIA,

Defendants.

Plaintiff United States of America brings this claim against the defendants, as more particularly described below, and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil forfeiture action *in rem* brought pursuant to 21 U.S.C. § 334 to seize, condemn and forfeit the defendants, located on the premises of MDM Group d/b/a eliquidstop.com, 2005 Orange Street, Alhambra, California, because the defendants violate the Federal Food, Drug, and Cosmetic Act (the "Act"), 21 U.S.C. §§ 301 *et seq.*

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 334, which provides the Court with jurisdiction over seizures brought by the United States under the Act.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b) and 21 U.S.C. § 334(a)(2) because the defendants are located in this district.

## PERSONS AND ENTITES

4. The plaintiff in this action is the United States of America.

5. The defendants in this action (collectively, the "Defendant articles") are located at MDM Group d/b/a/ eliqidstop.com, 2005 Orange Street, Alhambra, California and consist of the following:

   a. 354 Units, more or less, of an article labeled as ELF BAR EB Design Airo Max Disposable (5000 Puffs) in various flavors; ELF BAR EB Design BC5000 Vape Disposables (5000 Puffs) in various flavors; ELF

3

BAR EB Design TE6000 (6000 Puffs) in various flavors; and ELF BAR EB Design BC5000 Ultra (5000 Puffs) in various flavors;

    b.    37 Units, more or less, of an article labeled as ESCO BARS Disposable (2500 Puffs) in various flavors;

    c.    2088 Units, more or less, of an article labeled as FOG X Pre-filled Disposable Device in various flavors;

    d.    580 Units, more or less, of an article labeled as HELIX BAR MAX Edition Disposable Device (1500 Puffs) in various flavors;

    e.    119 Units, more or less, of an article labeled as KUZ Vaping Disposable (9000 Puffs) Exclusive DABABY Rapper Collaboration in various flavors;

    f.    119 Units, more or less, of an article labeled as PIXI Pro Vape Disposable/PIXI PRO 6% in various flavors;

    g.    1285 Units, more or less, of an article labeled as PUFF BAR Disposable Device in various flavors, excluding 0% nicotine strength products;

    i.    911 Units, more or less, of an article labeled as PUFF FLOW in various flavors, excluding 0% nicotine strength products;

    j.    3006 Units, more or less, of an article labeled as PUFF MAX in various flavors, excluding 0% nicotine strength products;

    k.    1384 Units, more or less, of an article labeled as PUFF PLUS in various flavors, excluding 0% nicotine strength products; and

    l.    80 Units, more or less, of an article labeled as SMOK Priv Bar Turbo (15,000 PUFFS) Vape Disposable Anti Leak Tech in various flavors.

6.    Upon the filing of this Complaint, the United States of America requests that this Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which the United States of America will execute upon the Defendant articles pursuant to

Supplemental Rule G(3).

7. The interests of MDM Group d/b/a/ eliquidstop.com ("MDM"), Bryant Teongnoi, and Jennifer Teongnoi may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

8. MDM sells electronic nicotine delivery system ("ENDS") products to customers throughout the United States. During an inspection of MDM from March 6-10, 2023, U.S. Food and Drug Administration ("FDA") investigators observed that certain ENDS products being held and distributed by MDM lacked required FDA premarket authorization and were, thus, adulterated and misbranded under the Act.

9. On May 31, 2023, FDA sent MDM a Warning Letter that explained, among other things, that several of the ENDS products that MDM was offering for sale or distribution were adulterated and misbranded tobacco products under the Act.

10. In January 2024, FDA investigators returned to MDM's facility and confirmed that MDM is still holding and offering for sale adulterated and misbranded tobacco products (*i.e.*, unauthorized ENDS products) to consumers in the United States, via its eliquidstop.com website.

### The Defendant Articles are Tobacco Products

11. The Act defines "tobacco product" at 21 U.S.C. § 321(rr) as "any product made or derived from tobacco, or containing nicotine from any source, that is intended for human consumption, including any component, part, or accessory of a tobacco product."

12. A "tobacco product" within the meaning of 21 U.S.C. § 321(rr) is generally subject to the requirements in 21 U.S.C. Chapter 9, Subchapter IX. *See* 21 U.S.C. § 387a(b) (providing that such subchapter shall apply to "all cigarettes, cigarette tobacco, roll-your-own tobacco, and smokeless tobacco and to any other tobacco products that [FDA] by regulation deems to be subject to this subchapter"); 81 Fed. Reg. 28974, 28975 (May 10, 2016) (deeming all products meeting the definition of "tobacco product" in 21 U.S.C. § 321(rr), except accessories of such newly deemed products, to be subject

to such subchapter).

13. The Defendant articles are ENDS products.

14. ENDS products generally meet the definition of "tobacco product" at 21 U.S.C. § 321(rr) and include: "devices, components, and/or parts that deliver aerosolized e-liquid when inhaled." FDA, Guidance for Industry: Enforcement Priorities for Electronic Nicotine Delivery Systems (ENDS) and Other Deemed Products on the Market Without Premarket Authorization (Revised)* (Apr. 2020), at 9–10, https://go.usa.gov/xuvn5. *See also* 81 Fed. Reg. 28974, 29028 (May 10, 2016). E-liquids "are a type of ENDS product and generally refer to liquid nicotine and nicotine-containing e-liquids (i.e., liquid nicotine combined with colorings, flavorings, and/or other ingredients)." *Id.*

15. The Defendant articles are made or derived from tobacco, or contain nicotine from any source, and are intended for human consumption, and thus are "tobacco product[s]" within the meaning of 21 U.S.C. § 321(rr).

## The Defendant Articles Are New Tobacco Products

16. The Act defines "new tobacco product" at 21 U.S.C. § 387j(a)(1) to include "any tobacco product . . . that was not commercially marketed in the United States as of February 15, 2007."

17. The Defendant articles were not commercially marketed in the United States as of February 15, 2007, and thus are "new tobacco product[s]" within the meaning of 21 U.S.C. § 387j(a)(1).

## Pathways to Market for New Tobacco Products

18. Under 21 U.S.C. § 387j(a)(2), a new tobacco product must have premarket review and receive FDA marketing authorization through one of three pathways: (1) the premarket tobacco product application ("PMTA") pathway under 21 U.S.C. § 387j, through which FDA reviews a PMTA and issues a marketing granted order ("MGO") permitting marketing of the new tobacco product under 21 U.S.C. § 387j(c)(1)(A)(i) upon a finding that the product is appropriate for the protection of the public health; (2)

the substantial equivalence ("SE") pathway under 21 U.S.C. § 387j(a)(2)(A)(i), through which FDA reviews a report submitted under 21 U.S.C. § 387e(j) (the "SE report") for the product and issues an order (the "SE order") determining, among other things, that it is substantially equivalent to a tobacco product commercially marketed in the U.S. as of February 15, 2007, or a tobacco product marketed after that date, but which FDA previously determined to be substantially equivalent; or (3) the SE exemption pathway under 21 U.S.C. § 387j(a)(2)(A)(ii), through which FDA reviews an exemption request submitted under 21 C.F.R. § 1107.1 and a report submitted under 21 U.S.C. § 387e(j)(1) (the "abbreviated report") for the product, and issues a "found-exempt" order pursuant to 21 U.S.C. § 387e(j)(3)(A).

19. A new tobacco product that is required by 21 U.S.C. § 387j(a) to have premarket review and does not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i) is adulterated under 21 U.S.C. § 387b(6)(A). A new tobacco product is required by 21 U.S.C. § 387j(a) to have premarket review, unless it has an SE order or found-exempt order in effect. *See* 21 U.S.C. § 387j(a)(2)(A).

20. A new tobacco product for which a "notice or other information respecting it was not provided as required" under the SE or SE exemption pathway, including an SE report or an abbreviated report, is misbranded under 21 U.S.C. § 387c(a)(6).

The Defendant Articles Are Adulterated and Misbranded

21. The Defendant articles are adulterated under 21 U.S.C. § 387b(6)(A) because they are new tobacco products that are required by 21 U.S.C. § 387j(a) to have premarket review and do not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i).

22. Neither an SE report nor an abbreviated report has been submitted for any of the Defendant articles. Accordingly, the Defendant articles are misbranded under 21 U.S.C. § 387c(a)(6).

23. Based on the above, plaintiff alleges that the Defendant articles are held illegally within the jurisdiction of this court and are therefore subject to forfeiture pursuant to 21 U.S.C. § 334(a)(2).

WHEREFORE, plaintiff United States of America prays:

(a) the Court issue a warrant of arrest *in rem* for the United States Marshal Service for the Central District of California or any other duly authorized law enforcement officer to seize and maintain the Defendant articles during the pendency of this action;

(b) that due process issue to enforce the forfeiture of the Defendant articles;

(c) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(d) that this Court decree forfeiture of the Defendant articles to the United States of America for disposition according to law; and

(e) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: April 5, 2024

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

/s/
TARA B. VAVERE
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

## VERIFICATION

I, Emil Wang, hereby declare that:

1. I am a Senior Advisor with the U.S. Food and Drug Administration, United States Department of Health and Human Services, and the case agent for this forfeiture matter.

2. I have read the above Verified Complaint for Forfeiture and know its contents. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States maintained in the ordinary course of business, as well as my investigation of this case as a Senior Advisor, Center for Tobacco Products, Office of Compliance and Enforcement, United States Food and Drug Administration.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed April 3, 2024 in Silver Spring, Maryland.

EMIL WANG
Senior Advisor
Center for Tobacco Products
Office of Compliance and Enforcement
U.S. Food and Drug Administration
U.S. Department of Health and Human Services